IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT ) | | |
| OPPORTUNITY COMMISSION, ) | | |
| ) | | |
| Plaintiff, ) | CIVIL ACTION NO. | |
| ) | | |
| v. ) | C O M P L A I N T | |
| ) | | |
| KONE, INC. ) | Jury Trial Demanded | |
| ) | | |
| Defendant. ) | | |
| ) | | |
| ) | | |
| _____) | | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, to remedy breach of a Mediation Settlement Agreement, and to provide appropriate relief to Michelle Lockett who was adversely affected by such practices.

As alleged with greater particularity below, Plaintiff, Equal Employment Opportunity Commission, alleges Defendant, Kone, Inc., retaliated against Michelle Lockett by listing her as not eligible for rehire and by refusing to hire her because she engaged in activity protected by Title VII. The Commission alleges that such actions also constitute a breach of the Mediation Settlement Agreement, which the Commission, Michelle Lockett, and Defendant entered into in settlement of EEOC Charge No. 846-2009-24960, filed by Michelle Lockett against Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Kone, Inc. ("Defendant Employer"), has continuously been doing business in the State of Tennessee and the City of Memphis, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Michelle Lockett filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer.

7. The Commission found reasonable cause to believe the charge was true, and endeavored to eliminate the discriminatory practice through informal methods of conference,

conciliation, and persuasion, but was unable to secure a conciliation agreement acceptable to the Commission.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least May 2009, Defendant Employer has engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §2000e-2(a) and 3(a).

10. The unlawful employment practices involved retaliating against Michelle Lockett by listing her as ineligible for rehire and refusing to hire because she engaged in activity protected by Title VII. The unlawful employment practices also involved breach of the Mediation Settlement Agreement entered into by the Commission, Michelle Lockett, and Defendant Employer.

a. Lockett began her employment with Defendant Employer on or about November 17, 2006 as an Elevator Apprentice.

b. Defendant Employer hires apprentices under a collective bargaining agreement between the National Elevator Bargaining Association (NEBA) and the International Union of Elevator Constructions (IUEC).

c. On or about March 18, 2009, Lockett filed EEOC Charge No. 846-2009-24960 against Defendant Employer.

d. After receipt of Lockett's charge of discrimination, Defendant Employer voluntarily accepted the Commission's offer to mediate the charge allegations, pursuant to the Commission's Alternative Dispute Resolution (ADR) program.

e. As a result of the mediation, the Commission, Lockett, and Defendant Employer entered into a Mediation Settlement Agreement dated May 7, 2009. The Mediation Settlement

Agreement was executed in settlement of EEOC Charge No. 846-2009-24960. A true and correct copy of the Mediation Settlement Agreement is attached to this Complaint as Exhibit A.

    f.    Paragraph 7D of the Mediation Settlement Agreement states that Defendant Employer "has also agreed to change the code in [Lockett's] personnel file from not eligible for re-hire to eligible for re-hire effective immediately."

    g.    The Commission fulfilled its obligations under the Mediation Settlement Agreement.

    h.    Michelle Lockett fulfilled her obligations under the Mediation Settlement Agreement.

    i.    On information and belief, Defendant Employer failed to change the code in Lockett's personnel file to eligible for re-hire.

    j.    As a result of this failure, Defendant Employer has refused to hire Lockett.

    k.    On or about October 10, 2012, Ronnie Anglin (IUEC Local 30 Business Agent) informed Lockett that Defendant Employer was looking to hire a fourth year apprentice (at the time Lockett was a fourth year apprentice).

    l.    Lockett contacted Henry Chapman (Supervisor for Defendant Employer) regarding the fourth year apprentice position on or about October 29, 2012.

    m.    On or about October 30, 2012, Chapman informed Lockett that she could not be hired because she was on Respondent's no hire list.

    n.    Thereafter, the IUEC Local 30 contacted Defendant Employer to inquire as to why Lockett was not eligible for rehire.

    o.    Randy Norman (Defendant Employer's Branch Manager) informed the IUEC Local 30 that Defendant Employer maintained an electronic personnel file from Lockett's prior

employment, and that rehire was not checked in her electronic personnel file, indicating that there is a do not hire in the system.

10. The effects of the practice complained of in paragraphs 9 a through o above has been to deprive Michelle Lockett of employment opportunities and otherwise adversely affect her status as an employee because she engaged in protected activity.

11. Defendant's failure to abide by the terms of the Mediation Settlement Agreement constitutes a breach of the agreement.

12. The unlawful employment practices complained of in paragraph 9 above were and are intentional.

13. The unlawful employment practices complained on in paragraph 9 above were and are done with malice and reckless indifference to the federally protected rights of Michelle Lockett.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Order Defendant Employer to comply with the Mediation Settlement Agreement entered into by the Commission, Michelle Lockett, and Defendant Employer on May 7, 2009.

B. Grant a permanent injunction enjoining Defendant Employment Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which constitutes retaliation for engaging in protected activity.

C. Order Defendant Employer to institute and carry out policies and provide mandatory training regarding Title VII and its prohibition against retaliation to all management and non-management officials in its facilities.

  D. Order Defendant Employer to make whole Michelle Lockett by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and any other affirmative relief necessary to eradicate the effects of its unlawful retaliation and/or breach of the Mediation Settlement Agreement, including but not limited to equitable relief, front pay, or rightful place hiring.

  E. Order Defendant Employer to make whole Michelle Lockett by providing compensation for pecuniary losses, including but not limited to cost to be incurred for the costs of seeking new employment, in amounts to be determined at trial.

  F. Order Defendant Employer to make whole Michelle Lockett by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial.

  G. Order Defendant Employer to pay punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Faye A. Williams
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

/s/ Matthew H. McCoy
MATTHEW H. McCOY
Trial Attorney
IN Bar No. 29368-49

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Ave., Suite 901
Memphis, TN 38104
(901) 544-0070
matthew.mccoy@eeoc.gov