IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br>　　　　Plaintiff, </br></br>v. </br></br>KONE INC. </br></br>　　　　Defendant. | CIVIL ACTION NO. </br></br>2:14-cv-02674 |

**CONSENT DECREE**

A.	The Equal Employment Opportunity Commission (Commission or EEOC) instituted this civil action against Defendant Kone Inc. (Defendant or KONE) to remedy unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., (Title VII) and Title I of the Civil Rights Act of 1991, and to remedy breach of a Mediation Settlement Agreement.  In the Commission's Complaint, filed on August 29, 2014, the Commission alleges that Defendant retaliated against Michelle Lockett by listing her as not eligible for rehire and by refusing to hire her because she engaged in activity protected by Title VII. The Commission alleges that such actions also constitute a breach of the Mediation Settlement Agreement, which the Commission, Michelle Lockett, and Defendant entered into in settlement of EEOC Charge No. 846-2009-24960, filed by Michelle Lockett against Defendant.

B.  The EEOC and Defendant hereby stipulate and consent to the entry of this Consent Decree (Decree).

C.  This Decree does not constitute a finding on the merits of the case. The Commission and Defendant have consented to entry of this Decree to avoid the additional expense that continued litigation of this case would involve.

D.  This Decree constitutes the complete and exclusive agreement between the Commission and Defendants with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to compromise this action have been made between the parties, other than those recited or referenced in this Decree.

E.  In the event this Decree is not approved or does not become final, the Commission and Defendant agree that it will not be admissible in evidence in any subsequent proceeding in this lawsuit.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court hereby **APPROVES** the Decree and **FINDS**:

a.  The terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree adequately protects the rights of the EEOC, Defendant, and the public interest.

b.  This Decree conforms to the Federal Rules of Civil Procedure and Title VII, and does not derogate the rights or privileges of any person. The entry of this Decree furthers the objectives of Title VII and appears in the best interests of the parties and the public.

c. This Decree is entered into by the EEOC and Defendant. This Decree shall be final and binding between the EEOC and Defendant, its directors, officers, agents, employees, successors or assigns, and all persons in active concert or participation with it.

d. The EEOC and Defendant do hereby agree to the entry of this Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 2:14-cv-02674.

Upon consent of the parties to this action, it is hereby **ORDERED, ADJUDGED AND DECREED:**

## I. JURISDICTION

1. The parties stipulate that the United States District Court for the Western District of Tennessee, Western Division, has jurisdiction over the parties and the subject matter of this litigation.

2. No party shall contest jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

## II. SCOPE AND DURATION OF THIS DECREE

3. This Decree resolves all issues and claims arising out of Michelle Lockett's Charge of Discrimination (EEOC Charge No. 490-2013-00416) against KONE and the Commission's Complaint in Civil Action No. 2:14-cv-02674, alleging unlawful retaliation by Defendant against Michelle Lockett, and alleging breach of the Mediation Settlement Agreement settling EEOC Charge No. 846-2009-24960. This Decree shall

not be considered in any manner to be dispositive of any other matter which is or may be pending before any office of the Commission.

  4. The provisions of this Decree are effective immediately upon the date that the Decree is entered by the Court and shall be binding upon the parties to this lawsuit for three years after the effective date of this Decree.

### III.  INJUNCTIVE RELIEF

  5. Defendant and its supervisors and managers located in the Memphis, Tennessee branch office, together with Defendant's officers, directors, and successors are enjoined from retaliating against any applicant or employee because the applicant or employee has engaged in protected activity under Title VII.

  6. Defendant and its supervisors and managers located in the Memphis, Tennessee branch office, together with Defendant's officers, directors, and successors are enjoined from violating the Mediation Settlement Agreement, which the Commission, Michelle Lockett, and Defendant entered into in settlement of EEOC Charge No. 846-2009-24960.

### IV.  ANTI-DISCRIMINATION POLICY

  7. Defendant will maintain and make available to employees its employee handbook, fair employment policy, equal opportunity policy, and code of conduct/ethics, and proper business practices (the Policies) that outline Defendant's prohibition of discrimination and retaliation in the workplace.

    (a) The Policies will provide that Defendant will not tolerate discrimination in the workplace.

    (b)  The Policies will provide that employees who complain about discrimination in the workplace are protected against retaliation.

    (c)  The Policies will provide that employees who file a complaint or participate in an investigation, review, or hearing are protected against retaliation.

  8.  Defendant will include in the Policies detailed instructions explaining how Defendant will identify, report, investigate, and remedy incidents of discrimination in the workplace.  The Policies will require that in investigating and imposing any discipline, Defendant will make all attempts to preserve confidentiality.  The Policies will further require that any adverse treatment of an employee for reporting discrimination, for assisting another employee in making a report, for cooperating in a discrimination investigation, or for filing a charge of discrimination with the Commission or a state governmental agency is strictly forbidden.

  9.  Defendant will make the Policies available to all current employees via Defendant's intranet.  Defendant will make the Policies available to all new employees at the time of hire.

## V. TRAINING

  10.  Defendant shall provide training on employment discrimination and retaliation to employees through its Learning Management System (LMS), or equivalent system.  Defendant requires that managers/supervisors go through two hour mandatory training every two years and targeted training more frequently on an as needed basis.

  11.  Defendant shall make training mandatory for all supervisors/managers.  Defendant shall make all employees aware of Defendant's discrimination and retaliation policies through LMS annually.  The training shall include the following topics:

5

(a) The definition of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 as part of the manager/supervisor training;

(b) retaliation, including what constitutes retaliation under Title VII;

(c) how to prevent, identify, investigate, and remedy employment discrimination; and

(d) Defendant's Policies prohibiting discrimination and retaliation, including Defendant's procedures related to how it will identify, investigate, and remedy discrimination and retaliation.

12. On an annual basis, for three years from the entry of this Decree, Defendant shall submit a summary report (completion rate with exceptions) to the Commission demonstrating employees' completion of LMS for that year.

## VI.  SUPERVISOR ACCOUNTABILITY

13. Defendant shall promote supervisor accountability by the following conduct:

(a) Providing anti-discrimination training to all of its supervisory and managerial personnel as set forth in Paragraphs 10 through 11;

(b) Disciplining, up to and including discharge, any supervisor or manager who violates Defendants' policies against discrimination; and

(c) Distributing a copy of this Decree to all management or supervisory personnel located in the Memphis, Tennessee branch office within 60 days of entry of this Decree.

## VII. INDIVIDUAL RELIEF

14. Defendant will instate Michelle Lockett to the first available position in the Memphis metropolitan area, in accordance with the applicable collective bargaining agreement, provided that Michelle Lockett is out of work and available to work.

15. Defendant agrees to pay monetary relief in the amount of $85,500.00 to Michelle Lockett in full and final settlement of her claims against Defendant, which were raised in the Commission's Complaint. The $85,500.00 in monetary relief is designated as non-pecuniary compensatory damages.

16. Defendant shall issue a 1099 form to Michelle Lockett for the amount of monetary relief designated as non-pecuniary compensatory damages.

17. Within 10 business days of the entry of this Decree, Defendant shall issue payment of the monetary relief to Michelle Lockett by mailing a check to Michelle Lockett at the address provided by the Commission. Concurrently, a copy of the check and related correspondence will be submitted to the Commission, at the address listed below.

18. Any portion of the monetary relief not paid within 10 business days of entry of the Decree shall be subject to a penalty of 1% per day on the unpaid balance or $50 per day, whichever is greater.

19. Defendant acknowledges that Michelle Lockett is considered and listed as eligible for rehire, and shall ensure that her status as eligible for rehire is accurately reflected in all personnel files and documents, including electronically maintained personnel files. Defendant acknowledges and shall ensure that all documents

indicating Michelle Lockett is not eligible for refhire have been removed from Michelle Lockett's personnel file.

## VIII.  REPORTING REQUIREMENTS

20. Defendant shall maintain records of any complaints of discrimination or retaliation arising in Memphis, Tennessee, subject to Defendant's document retention policies.  These records shall include the following:

    (a) the name the employee or applicant making the complaint;

    (b) the date of the report or complaint;

    (c) a detailed description of the allegations made;

    (d) the names of any witnesses;

    (e) the name and job title of the alleged bad actor; and

    (f) what actions, if any, Defendants took to resolve the complaint.

21. Defendant shall provide three annual reports to the Commission.  Each annual report must contain:

    (a) a summary of the information recorded by Defendant pursuant to Paragraph 20, above;

    (b) a record of attendance of the training required by Paragraphs 10 through 11 above; and

    (c) a certification by Defendant that the Notice Posting required by this Decree remained posted during the time period preceding the report.

22. Defendant shall submit the annual reports as follows:

    (a) the first annual report within 12 months of the entry of this Decree;

   (b) the second annual report within 24 months of the entry of this Decree; and

   (c) the third annual report within 34 months of the entry of this Decree.

Defendant shall submit these annual reports to the Commission, at the address listed below.

## IX. NOTICE POSTING

  23. Defendant shall post the Notice attached as Exhibit A in Memphis, Tennessee, within 10 days of entry of this Decree.

  24. Defendant shall post Exhibit A in its branch office located in Memphis, Tennessee, in conspicuous places upon its premises where notices to employees are customarily posted, and keep Exhibit A posted for twelve months from the effective period of this Decree.

  25. Defendant shall also keep posted in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000e-10.

## X. MONITORING

  26. The Commission shall have the right to monitor and review compliance with this Decree. Defendant shall cooperate with the Commission in any review function as it relates to this Decree. Specifically, the Commission shall have the right to:

  (1) review any and all training and documents that this Decree requires Defendant to create or maintain;

  (2) interview employees and management located in Memphis, Tennessee, with the participation of Defendant's counsel, related to the requirements of this Decree; and

(3) inspect Defendant's Memphis, Tennessee branch office premises upon 5 days prior notice to Defendant.

## XI.  SUCCESSOR NOTIFICATION

27. Defendant shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires Defendant, and any other corporation or other entity into which Defendant may merge.  The successors or acquiring entities shall be fully liable for complying with the terms of the Decree. Defendant shall provide notice to the Commission within 30 days of any acquisition or merger.

## XII.  DISPUTE RESOLUTION

28. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party 10 days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non-complying party has not remedied the alleged non-compliance within 10 days, the complaining party may apply to the Court for appropriate relief.

## XIII.  MISCELLANEOUS PROVISIONS

29. Each of the parties shall bear its own costs, attorney fees, and expenses in this lawsuit.

30. This Decree shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

31. If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

32. When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury by an officer or management employee of Defendant.

33. When this Decree requires Defendant to submit reports, certifications, notices, or other materials to the Commission, submission will be e-mailed to: matthew.mccoy@eeoc.gov, Subject: Kone Title VII Settlement.

34. Nothing in this Decree or any of the requirements of this Decree are intended to waive or waive any attorney-client privilege or work-product privilege.

**IT IS SO ORDERED** THIS 17TH DAY OF JUNE, 2015.

    /s/ Jon P. McCalla  
**JON P. MCCALLA**  
**UNITED STATES DISTRICT JUDGE**

Approved by the parties:

FOR THE COMMISSION:

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/ Faye A. Williams
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 011730

s/ Gerlad L. Thornton
**GERALD L. THORNTON**
Supervisory Trial Attorney
TN Bar No. 015898

s/ Matthew H. McCoy
**MATTHEW H. McCOY**
Trial Attorney
IN Bar No. 29368-49

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0070

FOR DEFENDANT:

s/ Stephen S. Muhich (w/p MHM)
**STEPHEN S. MUHICH (P35289)**
Dykema Gossett, PLLC
300 Ottawa Avenue N.W., Suite 700
Grand Rapids, MI 49503
Telephone:  (616) 776-7543
smuhich@dykema.com
Admitted *pro hac vice*

**ATTORNEY FOR DEFENDANT
KONE INC.**

EXHIBIT A

**<u>NOTICE TO ALL EMPLOYEES OF KONE, INC.</u>**

1. This Notice is posted to all employees pursuant to a Consent Decree entered into between KONE Inc. and the Equal Employment Opportunity Commission (EEOC).

2. Pursuant to the Consent Decree, KONE Inc. must continue to conduct training on the prevention of employment discrimination and retaliation in the workplace.

3. Discrimination is a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Federal law requires an employer to maintain a workplace free from discrimination based on race, sex (gender), religion, color, national origin, age (40 or older), or disability with respect to terms and conditions of employment.

4. KONE Inc. will not tolerate or condone discrimination or retaliation against any employee or applicant for employment. Discrimination, which includes pregnancy discrimination, is a violation of company policy as well as federal law.  Violation of these company policies by anyone employed by KONE Inc. will result in disciplinary action up to and including termination.

5. You have the right to file a charge of discrimination with the EEOC if you believe you are being discriminated of retaliated against.  The EEOC charges no fees and has employees and interpreters who speak languages other than English.  If you believe you have been discriminated or retaliated against in violation of federal law, you have the right to seek assistance from:

    Equal Employment Opportunity Commission
    1407 Union Avenue, Suite 901
    Memphis, Tennessee 38104
    Telephone:   (901) 544-0119
    Website:      www.eeoc.gov
    TTY:            1-800-669-6820

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED**

This Notice must remain posted for 12 months from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

_____          _____
Date                                          Eric Cannon
                                                 Director of Corporate Compliance
                                                 KONE Inc.